UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Holding a Criminal Term

Grand Jury Sworn in on November 3, 2016

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. |
| | : | |
| v. | : | GRAND JURY ORIGINAL |
| | : | |
| HOLLIE ANN NADEL, | : | VIOLATIONS: |
| also known as "Rachel," | : | |
| | : | 18 U.S.C. § 1349 (Conspiracy to Commit |
| Defendant. | : | Bank and Wire Fraud) |
| | : | 18 U.S.C. § 1344(2) (Bank Fraud) |
| | : | 18 U.S.C. § 1343 (Wire Fraud) |
| | : | 18 U.S.C. § 1951(a) (Interference with |
| | : | Interstate Commerce by Extortion) |
| | : | 18 U.S.C. § 1956(h) (Conspiracy to |
| | : | Commit Money Laundering) |
| | : | 18 U.S.C. § 1957 (Engaging in Monetary |
| | : | Transactions in Property Derived From |
| | : | Specified Unlawful Activity) |
| | : | 18 U.S.C. § 1512(b)(3) (Tampering with a |
| | : | Witness by Corrupt Persuasion or |
| | : | Misleading Conduct) |
| | : | 18 U.S.C. § 2 (Aiding and Abetting; |
| | : | Causing an Act to be Done) |
| | : | |
| | : | FORFEITURE ALLEGATION: |
| | : | |
| | : | 18 U.S.C. § 981(a)(1)(C); 18 U.S.C. |
| | : | § 982(a)(1) and (a)(2)(A); 21 U.S.C. |
| | : | § 853(p); 28 U.S.C. § 2461(c) |

## INDICTMENT

The Grand Jury charges that:

At all times material to this Indictment:

### Introduction

1.     Defendant HOLLIE ANN NADEL, also known as "Rachel," advertised massage

services on Backpage.com, and provided those services in Maryland and the District of Columbia.

Defendant HOLLIE ANN NADEL maintained bank accounts at Bank of America (account number xxxxxxxx3147), TD Bank (account number xxxxxx1860), and TD Bank (account number xxxxxx4690).

2. Daniel Zancan resided in Maryland, and worked as the Chief Financial Officer for R&R Mechanical Contractors, Inc., an HVAC and plumbing construction company located in the District of Columbia. Daniel Zancan maintained a personal bank account at SunTrust Bank (account number xxxxxxxxx8370).

3. Co-Conspirator 2 met Defendant HOLLIE ANN NADEL through one of Defendant HOLLIE ANN NADEL's advertisements on Backpage.com. Co-Conspirator 2 maintained a bank account at Bank of America (account number xxxxxxxx8463). Co-Conspirator 2 owned and operated a trial and litigation support business which maintained a business bank account at JP Morgan Chase (account number xxxxx1097).

4. Individual A met Defendant HOLLIE ANN NADEL through one of Defendant HOLLIE ANN NADEL's advertisements on Backpage.com. Individual A maintained a bank account at Capital One Bank (account number xxxxxx4218).

5. R&R Mechanical Contractors, Inc. maintained a bank account for its Operating Account at SunTrust Bank (account number xxxxxxxxx3291).

6. R&R Mechanical Contractors, Inc. maintained a bank account for its Payroll Account at SunTrust Bank (account number xxxxxxxxx3358).

7. R&R Mechanical Contractors, Inc. maintained a bank account for its Service Division Account at SunTrust Bank (account number xxxxxxxxx3267).

8. R&R Mechanical Contractors, Inc. maintained a bank account for its Service Payroll Account at SunTrust Bank (account number xxxxxxxxx3366).

9.      R&R Mechanical Contractors, Inc. maintained a bank account for its subsidiary company, 2902 Bladensburg Road LLC, at BB&T Bank (account number xxxxxx4982).

10.     As the Chief Financial Officer of R&R Mechanical Contractors, Inc., Daniel Zancan had access to and signatory authority over the following R&R Mechanical Contractors, Inc.'s and its subsidiary company, 2902 Bladensburg Road LLC's bank accounts for the purpose of the operation of the company's business: (a) the Operating Account at SunTrust Bank (account number xxxxxxxxx3291), (b) the Payroll Account at SunTrust Bank (account number xxxxxxxxx3358), (c) the Service Division Account at SunTrust Bank (account number xxxxxxxxx3267), (d) the Service Division Payroll Account at SunTrust Bank (account number xxxxxxxxx3366), and (e) the 2902 Bladensburg Road LLC account at BB&T Bank (account number xxxxxx4982). R&R Mechanical Contractors, Inc.'s and 2902 Bladensburg Road LLC's financial records and checkbooks were maintained at their offices in the District of Columbia.

11.     Landman & Company is located in Gaithersburg, Maryland, and maintained a bank account at Wells Fargo Bank (account number xxxxxx8690).

12.     Gaithersburg Coin Exchange, Inc. is located in Gaithersburg, Maryland, and maintained a bank account at Bank of America (account number xxxxxx5338).

13.     Golden Eagle Coins is located in Laurel, Maryland, and maintained a bank account at PNC Bank (account number xxxxxx1264).

14.     The Bullion Bank is located in Chantilly, Virginia, and maintained a bank account at Capital One Bank (account number xxxxxx9962).

15.     Bullion Exchanges, LLC, is located in New York, New York, and maintained a bank account at TD Bank (account number xxxxxx3594).

16.     SunTrust Bank and BB&T Bank were financial institutions as defined in Title 18, United States Code, Section 20, with branches in the District of Columbia and elsewhere, with accounts insured by the Federal Deposit Insurance Corporation.

17.     R&R Mechanical Contractors, Inc., SunTrust Bank, and BB&T Bank, all operated in, and their activities affected, interstate commerce.

18.     In 2016, Daniel Zancan responded to Defendant HOLLIE ANN NADEL's advertisement for massage services on Backpage.com.  Daniel Zancan and Defendant HOLLIE ANN NADEL then began a romantic relationship.

## COUNT ONE
### (Conspiracy to Commit Bank Fraud and Wire Fraud)

19.     The allegations set forth in paragraphs 1 through 18 of this Indictment are realleged and incorporated by reference.

20.     Beginning in or about January 2017, and continuing through in or about April 2017, within the District of Columbia and elsewhere, Defendant HOLLIE ANN NADEL, together with other co-conspirators, known and unknown to the Grand Jury, did knowingly and willfully conspire, combine, confederate, and agree to commit offenses against the United States, to wit:

        a.      knowingly executed and attempted to execute a scheme and artifice to defraud, and to obtain monies, funds, credits, assets, securities, and other property owned by, and under the custody and control of SunTrust Bank and BB&T Bank, which were financial institutions with deposits insured by the Federal Deposit Insurance Corporation, to wit $4,217,542.86 from bank accounts held in the names of R&R Mechanical Contractors, Inc. and 2902 Bladensburg Road LLC, by means of materially false and fraudulent pretenses, representations, and promises, in violation of Title 18, United States Code, Section 1344(2) (bank fraud); and

b.      knowingly devised and intended to devise a scheme and artifice to defraud and to obtain money and property from R&R Mechanical Contractors, Inc. and 2902 Bladensburg Road LLC, by means of materially false and fraudulent pretenses, representations, and promises, and for the purpose of executing and attempting to execute the scheme and artifice, transmitted and caused to be transmitted in interstate commerce, by means of a wire communication, certain writings, signs, signals, and sounds, in violation of Title 18, United States Code Section 1343 (wire fraud).

### The Goal of the Conspiracy

21.     The goal of the conspiracy was for Defendant HOLLIE ANN NADEL and other co-conspirators, known and unknown to the Grand Jury, to obtain monies, funds, credits, and assets owned by and under the custody and control of SunTrust Bank and BB&T Bank, from accounts held in the names of R&R Mechanical Contractors, Inc. and 2902 Bladensburg Road LLC,  by means of materially false and fraudulent pretenses, representations, and promises.

### Manner and Means of the Conspiracy

22.     Among the manners and means by which Defendant HOLLIE ANN NADEL and other co-conspirators would and did carry out the objectives of the scheme and artifice to defraud were the following:

a.      In 2016 and continuing into 2017, Defendant HOLLIE ANN NADEL told Daniel Zancan that she purportedly owed large sums of money to other co-conspirators, and that the other co-conspirators threatened to injure, kidnap, and unlawfully confine Defendant HOLLIE ANN NADEL unless the debt was paid.  Daniel Zancan began to provide money to Defendant HOLLIE ANN NADEL to help her pay her purported debt to the other co-conspirators.

b.      Beginning in or about January 2017, and continuing through in or about April 2017, within the District of Columbia and elsewhere, the other co-conspirators, directly and

5

through Defendant HOLLIE ANN NADEL, began to threaten to injure Daniel Zancan and his family, and threaten to injure, kidnap, and unlawfully confine Defendant HOLLIE ANN NADEL unless Daniel Zancan continued to provide money and other things of value to Defendant HOLLIE ANN NADEL and to the other co-conspirators.

c.    Defendant HOLLIE ANN NADEL and other co-conspirators caused Daniel Zancan to remove approximately $4,217,542.86 in funds from R&R Mechanical Contractors, Inc.'s and 2902 Bladensburg Road LLC's bank accounts, without the company's authorization or consent, in order to provide money and other things of value to Defendant HOLLIE ANN NADEL and to other co-conspirators.

d.    Defendant HOLLIE ANN NADEL and other co-conspirators caused Daniel Zancan to wire funds from R&R Mechanical Contractors, Inc.'s SunTrust bank accounts to: (i) a personal bank account of Daniel Zancan; (ii) a bank account of Defendant HOLLIE ANN NADEL; (iii) a bank account of Co-Conspirator 2; (iv) a bank account of Co-Conspirator 2's trial and litigation support business; and (v) a bank account of Individual A.  All of the wired funds were subsequently withdrawn from those accounts as cash, through additional wires, or for the purchase of cashier's checks for later delivery to Defendant HOLLIE ANN NADEL and the other co-conspirators.

e.    Defendant HOLLIE ANN NADEL and other co-conspirators caused Daniel Zancan to take checks from R&R Mechanical Contractors, Inc.'s office in the District of Columbia and to issue those checks which were drawn against R&R Mechanical Contractors, Inc.'s SunTrust Bank accounts and 2902 Bladensburg LLC's BB&T Bank account and made payable to:  (i) Daniel Zancan; (ii) Defendant HOLLIE ANN NADEL; (iii) Co-Conspirator 2's trial and litigation support business; and (iv) "Cash."  These checks were cashed and funds from them delivered to Defendant HOLLIE ANN NADEL and the other co-conspirators.

6

f.       Daniel Zancan wired funds from the SunTrust Bank accounts of R&R Mechanical Contractors, Inc. to the afore-mentioned gold dealers for the purchase of gold bars and coins.  The gold bars and coins were subsequently, (i) delivered to Defendant HOLLIE ANN NADEL and the other co-conspirators; and (ii) sold for cash, which was then delivered to Defendant HOLLIE ANN NADEL and the other conspirators.

23.       Among the manner and means by which Defendant HOLLIE ANN NADEL and other co-conspirators would and did carry out the objectives of the conspiracy were the following monetary transactions:

| On or About Date | Amount | Transaction | Recipient |
|---|---|---|---|
| January 11, 2017 | $110,616.00 | Wire from R&R SunTrust account ending in 3291 | Hollie Nadel Bank of America account ending in 3147 |
| January 17, 2017 | $5,600.00 | Wire from R&R SunTrust account ending in 3267 | Co-Conspirator 2 Bank of America account ending in 8463 |
| January 17, 2017 | $5,000.00 | Check #121 from 2902 Bladensburg BB&T account ending in 4982 | Daniel Zancan |
| January 17, 2017 | $171,170.00 | Check #1266 from R&R SunTrust account ending in 3358 | Daniel Zancan |
| January 18, 2017 | $179,860.00 | Wire from R&R SunTrust account ending in 3267 | Hollie Nadel TD Bank account ending in 1860 |
| January 19, 2017 | $3,000.00 | Check #122 from 2902 Bladensburg BB&T account ending in 4982 | Hollie Nadel |
| January 23, 2017 | $14,500.00 | Wire from R&R SunTrust account ending in 3267 | Hollie Nadel Bank of America account ending in 3147 |

| On or About Date | Amount | Transaction | Recipient |
|---|---|---|---|
| January 23, 2017 | $217,500.00 | Check #1268 from R&R SunTrust account ending in 3358 | Daniel Zancan |
| January 24, 2017 | $220,000.00 | Wire from R&R SunTrust account ending in 3267 | Co-Conspirator 2 trial and litigation support business JP Morgan Chase account ending in 1097 |
| January 26, 2017 | $76,000.00 | Wire from R&R SunTrust account ending in 3267 | Individual A Capital One account ending in 4218 |
| January 26, 2017 | $25,000.00 | Check #123 from 2902 Bladensburg BB&T account ending in 4982 | "Cash" |
| January 26, 2017 | $25,010.00 | Check #7913806 from 2902 Bladensburg BB&T account ending in 4982 | "Cash" |
| January 26, 2017 | $25,010.00 | Check #7913808 from 2902 Bladensburg BB&T account ending in 4982 | "Cash" |
| January 26, 2017 | $25,000.00 | Check #5008218764 from 2902 Bladensburg BB&T account ending in 4982 | Daniel Zancan |
| January 27, 2017 | $60,010.00 | Check #7378208 from 2902 Bladensburg BB&T account ending in 4982 | "Cash" |
| January 30, 2017 | $9,600.00 | Wire from R&R SunTrust account ending in 3267 | Hollie Nadel Bank of America account ending in 3147 |
| January 30, 2017 | $9,400.00 | Wire from R&R SunTrust account ending in 3267 | Hollie Nadel TD Bank account ending in 1860 |

| On or About Date | Amount | Transaction | Recipient |
|---|---|---|---|
| February 1, 2017 | $100,000.00 | Wire from R&R SunTrust account ending in 3267 | Co-Conspirator 2 trial and litigation support business JP Morgan Chase account ending in 1097 |
| February 7, 2017 | $24,000.00 | Wire from R&R SunTrust account ending in 3267 | Individual A Capital One account ending in 4218 |
| February 8, 2017 | $3,000.00 | Check #124 from 2902 Bladensburg BB&T account ending in 4982 | "Cash" |
| February 8, 2017 | $3,000.00 | Check #1080 from R&R SunTrust account ending in 3267 | "Cash" |
| February 8, 2017 | $20,830.00 | Check #15844 from R&R SunTrust account ending in 3291 | Daniel Zancan |
| February 13, 2017 | $7,500.00 | Check #15931 from R&R SunTrust account ending in 3291 | Daniel Zancan |
| February 13, 2017 | $31,864.00 | Wire from R&R SunTrust account ending in 3267 | Hollie Nadel Bank of America account ending in 3147 |
| February 15, 2017 | $124,000.00 | Check #132 from 2902 Bladensburg BB&T account ending in 4982 | "Cash" |
| February 15, 2017 | $3,000.00 | Check #1081 from R&R SunTrust account ending in 3267 | "Cash" |
| February 15, 2017 | $20,000.00 | Check #1450 from R&R SunTrust account ending in 3267 | Co-Conspirator 2 trial and litigation support business |
| February 20, 2017 | $113,700.00 | Check #15947 from R&R SunTrust account ending in 3291 | Daniel Zancan |

| On or About Date | Amount | Transaction | Recipient |
|---|---|---|---|
| February 21, 2017 | $200,000.00 | Wire from R&R SunTrust account ending in 3267 | Gaithersburg Coin Exchange, Inc. Bank of America account ending in 5338 |
| March 6, 2017 | $218,000.00 | Wire from R&R SunTrust account ending in 3267 | Daniel Zancan SunTrust account in 8370 |
| March 10, 2017 | $16,000.00 | Wire from R&R SunTrust account ending in 3267 | Hollie Nadel TD Bank account ending in 4690 |
| March 11, 2017 | $4,000.00 | Check #8650956 from 2902 Bladensburg BB&T account ending in 4982 | "Cash" |
| March 14, 2017 | $110,750.00 | Wire from R&R SunTrust account ending in 3291 | Daniel Zancan SunTrust account in 8370 |
| March 15, 2017 | $20,000.00 | Wire from R&R SunTrust account ending in 3267 | Co-Conspirator 2 Bank of America account ending in 8463 |
| March 15, 2017 | $4,312.00 | Check #80 from R&R SunTrust account ending in 3267 | "Cash" |
| March 16, 2017 | $50,000.00 | Check #8191677 from 2902 Bladensburg BB&T account ending in 4982 | "Cash" |
| March 16, 2017 | $50,000.00 | Check #8191678 from 2902 Bladensburg BB&T account ending in 4982 | "Cash" |
| March 20, 2017 | $6,500.00 | Check #1005 from R&R SunTrust account ending in 3366 | Daniel Zancan |
| March 21, 2017 | $406,327.80 | Wire from R&R SunTrust account ending in 3267 | Golden Eagle Coins PNC Bank account ending in 1264 |

| On or About Date | Amount | Transaction | Recipient |
|---|---|---|---|
| March 21, 2017 | $7,500.00 | Wire from R&R SunTrust account ending in 3267 | Hollie Nadel Bank of America account ending in 3147 |
| March 22, 2017 | $503,227.00 | Wire from R&R SunTrust account ending in 3267 | Bullion Company LLC Capital One account ending in 9962 |
| March 22, 2017 | $600,780.06 | Wire from R&R SunTrust account ending in 3291 | Bullion Exchange LLC TD Bank account ending in 3594 |
| March 23, 2017 | $32,401.00 | Check #1451 from R&R SunTrust account ending in 3267 | Daniel Zancan |
| March 23, 2017 | $205,000.00 | Wire from R&R SunTrust account ending in 3267 | Landman and Company Wells Fargo account ending in 8690 |
| March 24, 2017 | $25,000.00 | Wire from R&R SunTrust account ending in 3267 | Hollie Nadel Bank of America account ending in 3147 |
| March 24, 2017 | $25,000.00 | Wire from R&R SunTrust account ending in 3267 | Hollie Nadel TD Bank account ending in 1860 |
| March 27, 2017 | $99,575.00 | Check #16200 from R&R SunTrust account ending in 3291 | Daniel Zancan |

24.     Among the additional manners and means by which Defendant HOLLIE ANN NADEL and other co-conspirators would and did carry out the objectives of the conspiracy were the following:

| Date | Wire Transmission |
|------|-------------------|
| January 19, 2017 | Email from Daniel Zancan to Defendant HOLLIE ANN NADEL attaching letter, dated January 19, 2017, from Daniel Zancan on R&R Mechanical Contractors, Inc. letterhead stating that January 18 and 19, 2017 wire distributions in the amounts of $179,860 and $171,100 to Defendant HOLLIE ANN NADEL were "equity distributions of a minority interest in a closely held corporation" |
| January 20, 2017 | Email from Daniel Zancan to District Manager of PLS Financial Services in New York, attaching fraudulent Stock Purchase Agreement between R&R Mechanical Contractors, Inc. and Defendant HOLLIE ANN NADEL |

**(Conspiracy to Commit Bank Fraud and Wire Fraud,
in violation of Title 18, United States Code, Section 1349)**

## COUNT TWO
**(Bank Fraud)**

25.     The allegations set forth in paragraphs 1 through 19, and 21 through 24 of this Indictment are realleged and incorporated by reference.

26.     Beginning in or about January 2017, and continuing through in or about April 2017, within the District of Columbia and elsewhere, Defendant HOLLIE ANN NADEL knowingly executed and attempted to execute a scheme and artifice to defraud, and to obtain monies, funds, credits, assets, securities, and other property owned by, and under the custody and control of SunTrust Bank, which was a financial institution with deposits insured by the Federal Deposit Insurance Corporation, to wit $3,818,512.86 from bank accounts held in the name of R&R Mechanical Contractors, Inc., by means of materially false and fraudulent pretenses, representations, and promises.

**(Bank Fraud, and Aiding and Abetting and Causing an Act to be Done,
in violation of Title 18, United States Code, Sections 1344(2) and 2)**

## COUNT THREE
### (Bank Fraud)

27.     The allegations set forth in paragraphs 1 through 19, and 21 through 24 of this

Indictment are realleged and incorporated by reference.

28.     Beginning in or about January 2017, and continuing through in or about April 2017,

within the District of Columbia and elsewhere, Defendant HOLLIE ANN NADEL knowingly

executed and attempted to execute a scheme and artifice to defraud, and to obtain monies, funds,

credits, assets, securities, and other property owned by, and under the custody and control of

BB&T Bank, which was a financial institution with deposits insured by the Federal Deposit

Insurance Corporation, to wit $399,030.00 from a bank account held in the name of 2902

Bladensburg Road LLC, by means of materially false and fraudulent pretenses, representations,

and promises.

**(Bank Fraud, and Aiding and Abetting and Causing an Act to be Done,
in violation of Title 18, United States Code, Sections 1344(2) and 2)**

## COUNT FOUR
### (Wire Fraud)

29.     The allegations set forth in paragraphs 1 through 19, and 21 through 24 of this

Indictment are realleged and incorporated by reference.

30.     Beginning in or about January 2017, and continuing through in or about April 2017,

within the District of Columbia and elsewhere, Defendant HOLLIE ANN NADEL knowingly

devised a scheme to defraud R&R Mechanical Contractors, Inc., and to obtain money and property

of R&R Mechanical Contractors, Inc. by means of materially false and fraudulent pretenses,

representations, and promises.

31.     On or about the date set forth below, in the District of Columbia and elsewhere,

Defendant HOLLIE ANN NADEL, for the purpose of executing the aforementioned scheme and

artifice, did transmit and cause to be transmitted by means of wire communication in interstate

commerce the following writings, signs, signals, and sounds:

| Count | Date | Wire Transmission |
|-------|------|-------------------|
| Four | January 20, 2017 | Email from Daniel Zancan to District Manager of PLS Financial Services in New York, attaching fraudulent Stock Purchase Agreement between R&R Mechanical Contractors, Inc. and Defendant HOLLIE ANN NADEL |

**(Wire Fraud, and Aiding and Abetting and Causing an Act to be Done,
in violation of Title 18, United States Code, Sections 1343 and 2)**

## COUNT FIVE
**(Interference with Interstate Commerce by Extortion)**

32.     The allegations set forth in paragraphs 1 through 19, and 21 through 24 of this

Indictment are realleged and incorporated by reference.

33.     Beginning in or about January 2017, and continuing through in or about April 2017,

within the District of Columbia and elsewhere, Defendant HOLLIE ANN NADEL did knowingly

obstruct, delay, and affect interstate commerce and the movement of articles and commodities in

interstate commerce by extortion, as those terms are defined in Title 18, United States Code,

section 1951, and attempted to do so, that is, Defendant HOLLIE ANN NADEL obtained money

and gold bars and coins from Daniel Zancan, with his consent induced by the wrongful use of

force, violence, and fear.

**(Interference with Interstate Commerce by Extortion,
and Aiding and Abetting and Causing an Act to be Done,
in violation of Title 18, United States Code, Sections 1951(a) and 2)**

## COUNT SIX
**(Conspiracy to Commit Money Laundering)**

34.     The allegations set forth in paragraphs 1 through 33 of this Indictment are realleged

and incorporated by reference.

35.    Beginning in or about January 2017, and continuing through in or about April 2017, within the District of Columbia and elsewhere, Defendant HOLLIE ANN NADEL and other co-conspirators, known and unknown to the Grand Jury, did unlawfully, willfully, and knowingly conspire, combine, confederate, and agree with each other to violate Title 18, United States Code, Section 1956(a)(1)(B)(i), and Title 18, United States Code, Section 1957:

a.    by conducting and attempting to conduct financial transactions, that is, the withdrawal and transfer of funds and monetary instruments, in and affecting interstate commerce, which transactions in fact involved the proceeds of specified unlawful activity, that is conspiracy to commit bank fraud and wire fraud, in violation of Title 18, United States Code, Section 1349, bank fraud, in violation of Title 18, United States Code Sections 1344(2) and 2, wire fraud, in violation of Title 18, United States Code, Sections 1343 and 2, and interference with interstate commerce by extortion, in violation of Title 18, United States Code, Sections 1951(a) and 2, knowing that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, and knowing that the transactions were designed in whole and in part to conceal and to disguise the nature, the location, the source, the ownership, and the control of the proceeds of the specified unlawful activity, all in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i); and

b.    by knowingly engaging in and attempting to engage in monetary transactions, that is, the withdrawal and transfer of funds and monetary instruments, in and affecting interstate commerce, by, through, and to financial institutions, in criminally derived property that was of a value greater than $10,000, and that was derived from specified unlawful activity, that is, conspiracy to commit bank fraud and wire fraud, in violation of Title 18, United States Code, Section 1349, bank fraud, in violation of Title 18, United States Code Sections 1344(2) and 2, wire fraud, in violation of Title 18, United States Code, Sections 1343 and 2, and

interference with interstate commerce by extortion, in violation of Title 18, United States Code, Sections 1951(a) and 2, all in violation of Title 18, United States Code, Section 1957.

## The Goal of the Conspiracy

36.    The goal of the conspiracy was for Defendant HOLLIE ANN NADEL and other co-conspirators,

a.    to illegally enrich the Defendant HOLLIE ANN NADEL and other co-conspirators;

b.    to engage in monetary transactions affecting interstate or foreign commerce, in criminally derived proceeds, knowing that the monetary transactions were designed in whole or in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the criminally derived proceeds; and

c.    to engage in monetary transactions by, through, or to a financial institution, affecting interstate commerce, in criminally derived property of a value greater than $10,000.

## Manner and Means of the Conspiracy

37.    Among the additional manners and means by which Defendant HOLLIE ANN NADEL and other co-conspirators would and did carry out the objectives of the conspiracy were the following:

a.    Defendant HOLLIE ANN NADEL, Daniel Zancan, Co-Conspirator 2, and Individual A conducted monetary transactions, including: (i) withdrawing proceeds of criminally derived property from accounts held in the name of Defendant HOLLIE ANN NADEL, Daniel Zancan, Co-Conspirator 2, and Individual A; and (ii) converting the proceeds of criminally derived property into cash or for the purchase of cashier's checks for subsequent delivery to Defendant HOLLIE ANN NADEL, and other co-conspirators. These monetary transactions were designed

to conceal and disguise the nature, the location, the source, the ownership, or the control of the criminally derived proceeds;

        b.      Daniel Zancan wired $124,000 and $110,000 in funds from R&R Mechanical Contractors, Inc.'s Service Division Account at SunTrust Bank (account number xxxxxxxxx3267) to 2902 Bladensburg Road LLC's account at BB&T Bank (account number xxxxxx4982). Those funds were subsequently withdrawn in cash for delivery to co-conspirators;

        c.      Daniel Zancan wired over $10,000 in criminally derived proceeds from Daniel Zancan's personal account at SunTrust Bank (account number xxxxxxxxx8370) to Defendant HOLLIE ANN NADEL's account at TD Bank (account number xxxxxx1860). Those funds were subsequently withdrawn in cash for delivery to co-conspirators;

        d.      Defendant HOLLIE ANN NADEL, Daniel Zancan, Co-Conspirator 2, and Individual A, purchased cashier's checks and money orders valued at over $10,000, from criminally derived proceeds. Those cashier's checks and money orders were subsequently cashed for delivery to co-conspirators;

        e.      Daniel Zancan, and Co-Conspirator 2 traveled from the Washington Metropolitan area to Gomez Check Cashing in Trenton, New Jersey to negotiate cashier's checks and money orders valued at over $10,000, from criminally derived proceeds, into cash for delivery to co-conspirators;

        f.      Defendant HOLLIE ANN NADEL traveled from the Washington Metropolitan area to PLS Financial Services in New York, New York to negotiate cashier's checks valued at over $10,000, from criminally derived proceeds, into cash for delivery to co-conspirators;

        g.      Defendant HOLLIE ANN NADEL and Daniel Zancan created and transmitted by email, fraudulent documents purportedly from R&R Mechanical Contractors, Inc. to PLS Financial Services in New York in order to facilitate the negotiation of cashier's checks

containing over $10,000 in criminally derived proceeds into cash for subsequent delivery to co-conspirators;

        h.     Daniel Zancan and Co-Conspirator 2 created a fraudulent retainer agreement purportedly between Co-Conspirator 2's trial and litigation support business and R&R Mechanical Contractors, Inc. in order to conceal and disguise the nature of the transfer of funds from R&R Mechanical Contractors, Inc.'s bank accounts to Co-Conspirator 2's trial and litigation support business's bank accounts; and

        i.     Defendant HOLLIE ANN NADEL and Daniel Zancan traveled to New York to meet with other co-conspirators to deliver over $10,000 in cash of criminally derived proceeds from the bank fraud, wire fraud, and extortion schemes.

**(Conspiracy to Commit Money Laundering,
in violation of Title 18, United States Code, Section 1956(h))**

**COUNTS SEVEN AND EIGHT**
**(Engaging in Monetary Transactions in Property
Derived from Specified Unlawful Activity)**

38.     The allegations set forth in paragraphs 1 through 37 of this Indictment are realleged and incorporated by reference.

39.     On or about the date and in the amounts specified below, Defendant HOLLIE ANN NADEL, did knowingly engage and attempt to engage in the following monetary transactions, by, through, or to a financial institution, affecting interstate commerce, in criminally derived property of a value greater than $10,000, that is, by causing the following cashier's checks to be cashed, such proceeds having derived from a specified unlawful activity, that is bank fraud and wire fraud.

| Count | On or About Date | Amount | Transactions |
|-------|------------------|--------|--------------|
| Seven | January 13, 2017 | $110,000.00 | Bank of America cashier's check cashed at PLS Financial Services in New York |

| Count | On or About Date | Amount | Transactions |
|-------|------------------|--------|--------------|
| Eight | January 24, 2017 | $350,000.00 | TD Bank cashier's checks in the amounts of $250,000.00 and $100,000.00 cashed at PLS Financial Services in New York |

40.     Defendant HOLLIE ANN NADEL participated in the transfer of the foregoing specified unlawful activity proceeds from the District of Columbia to the district where the monetary transactions were conducted.

**(Engaging in Monetary Transactions in Property Derived from Specified Unlawful Activity, in violation of Title 18, United States Code, Section 1957)**

**COUNT NINE**
**(Tampering with a Witness by Corrupt Persuasion or Misleading Conduct)**

41.     The allegations set forth in paragraphs 1 through 40 of this Indictment are realleged and incorporated by reference.

42.     On or about April 4, 2017, Defendant HOLLIE ANN NADEL did knowingly corruptly persuade, and engage in misleading conduct toward Individual A, with the intent to cause or induce Individual A to provide false information to the Federal Bureau of Investigation ("FBI") that the co-conspirators who had threatened her did not exist and that it was Daniel Zancan who had been threatening her all along, and that Defendant HOLLIE ANN NADEL did so with the intent to hinder, delay, and prevent the communication to the FBI agents of information relating to the commission of the federal offenses of conspiracy to commit bank and wire fraud, bank fraud, wire fraud, interference with interstate commerce by extortion, conspiracy to commit money laundering, and engaging in monetary transactions in property derived from specified unlawful activity.

**(Tampering with a Witness by Corrupt Persuasion or Misleading Conduct, in violation of Title 18, United States Code Section 1512(b)(3))**

## FORFEITURE ALLEGATION

1.      Upon conviction of any of the offenses alleged in Counts One, Four, and/or Five the defendant shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to these offenses, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).  The United States will also seek a forfeiture money judgment against the defendant equal to the value of any property, real or personal, which constitutes or is derived from proceeds traceable to these offenses.

2.      Upon conviction of any of the offenses alleged in Counts One, Two, and/or Three the defendant shall forfeit to the United States any property constituting, or derived from, proceeds the defendant obtained directly or indirectly, as the result of these offenses, pursuant to 18 U.S.C. § 982(a)(2)(A).    The United States will also seek a forfeiture money judgment against the defendant equal to the value of any property constituting, or derived from, proceeds the defendant obtained directly or indirectly, as the result of these offenses.

3.      Upon conviction of any of the offenses alleged in Counts Six, Seven, and/or Eight the defendant shall forfeit to the United States any property, real or personal, involved in these offenses, or any property traceable to such property, pursuant to 18 U.S.C. § 982(a)(1).  The United States will also seek a forfeiture money judgment against the defendant equal to the value of any property, real or personal, involved in these offenses, or any property traceable to such property.

4.      If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

a.      cannot be located upon the exercise of due diligence;

b.      has been transferred or sold to, or deposited with, a third party;

c.      has been placed beyond the jurisdiction of the Court;

d.      has been substantially diminished in value; or

e.    has been commingled with other property that cannot be divided without

difficulty;

the defendant shall forfeit to the United States any other property of the defendant, up to the value

of the property described above, pursuant to 21 U.S.C. § 853(p).

**(Criminal Forfeiture, pursuant to Title 18, United States Code, Section 981(a)(1)(C),
Title 18, United States Code, Sections 982(a)(1) and (a)(2)(A), Title 28, United Sates Code,
Section 2461(c), and Title 21, United States Code, Section 853(p))**

A TRUE BILL:

FOREPERSON

*Jessie K. Liu/MZ*

Attorney of the United States in
and for the District of Columbia